

# NUMBER 13-09-00447-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**LUIS GUERRERO, JR.,**                                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                          **Appellee.**

---

### On appeal from the 206th District Court
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Justice Yañez

Appellant, Luis Guerrero Jr., was charged with aggravated sexual assault of a child.[1]

A jury convicted him of the lesser-included offense of indecency with a child by exposure,[2]

---

[1] *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2009).

[2] *See id.* § 21.11(a)(2)(A), (d) (Vernon Supp. 2009).

a third-degree felony, and assessed punishment at eight years' imprisonment.[3]  By two issues, appellant challenges the legal and factual sufficiency of the evidence to support his conviction.  We affirm.

## I. Background

At the time of trial, J.C. was thirteen years old.[4]  She testified that in the summer of 2008, when she was twelve, she met appellant, who was then twenty-two years old, at a local park.  They began talking on the phone regularly and seeing each other; sometimes appellant would come to J.C.'s house at night, and on several occasions, he picked her up and brought her to an apartment that he shared with his sister, Melissa Morin.[5]  J.C. testified that in mid-August 2008, she and appellant had sexual intercourse in the bedroom of the apartment.

Several days later, J.C. feared she might be pregnant and told her cousin about the encounter.  J.C.'s cousin told appellant that he could not continue to see J. C.; she also told J.C.'s mother about the relationship.  Neither J.C.'s cousin nor her mother reported the incident to the police.  J.C. testified that appellant was very angry with her for telling her cousin about the sexual encounter.  J.C. stated that she became very depressed because she felt guilty and did not want to "get [appellant] in trouble."  Because of her depression, J.C. saw a psychiatrist and was admitted to the Renaissance Behavioral Center, where she

---

[3] *See id.* § 12.34 (Vernon Supp. 2009) (providing that the punishment range for third-degree felony is two to ten years' imprisonment and a maximum $10,000 fine).

[4] Pursuant to article 57.02(h) of the code of criminal procedure, we will refer to the child victim by her initials.  *See* TEX. CODE CRIM. PROC. ANN. art. 57.02(h) (Vernon Supp. 2009).

[5] Melissa testified that she and her husband lived in a one-bedroom apartment, and appellant slept in the living room.

2

stayed for approximately a week. Sometime prior to J.C.'s release from the behavioral center, her mother contacted the police. J.C. was initially interviewed by a police officer at the behavioral center and provided a statement. By the time a warrant was issued for appellant's arrest, he and Melissa and her husband had moved from the apartment. Appellant was arrested several weeks later.

On appeal, appellant argues that the evidence is legally and factually insufficient to support his conviction for indecency by exposure because J.C. testified she did not see his penis. Appellant argues that because the jury acquitted him of aggravated sexual assault, it must have rejected that his penis penetrated J.C.'s vagina. According to appellant, "if the only evidence of exposure is that he put his penis in her vagina, then he cannot be guilty of exposure when the [j]ury unanimously decided that he did not do so."

## II. Standard of Review and Applicable Law

In reviewing the legal sufficiency of the evidence, an appellate court must review all the evidence in the light most favorable to the verdict, and ask whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt—not whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"[6] The trier of fact is the sole judge of the facts, the credibility of the witnesses, and the weight given to testimony.[7] We do not reevaluate the weight and credibility of the evidence, and we do not substitute our own judgment for that of the trier

[6] *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)).

[7] *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Jackson*, 443 U.S. at 318-19; *Beckham v. State*, 29 S.W.3d 148, 151 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd).

of fact.[8]  We resolve any inconsistencies in the evidence in favor of the judgment.[9]

In conducting a factual sufficiency review, a court of appeals reviews the evidence in a neutral light to determine whether the evidence is so weak that the jury's verdict seems clearly wrong and manifestly unjust or is against the great weight and preponderance of the evidence.[10]  Unless the record clearly reveals that a different result is appropriate, we must defer to the fact-finder's determination concerning the weight to be given to contradictory testimony.[11]

Both legal and factual sufficiency are measured by the elements of the offense as defined by a hypothetically correct jury charge.[12]  "'Such a charge [is] one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof, or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'"[13]

To  prove indecency with a child by exposure, the State was required to prove:  (1) the child victim was younger than seventeen years old and not the spouse of the accused; (2) the accused exposed any part of his genitals; (3) knowing the child was present; (4) with intent to arouse or gratify the sexual desire of any person.[14]

---

[8] *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (en banc); *Beckham*, 29 S.W.3d at 151.

[9] *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

[10] *Neal v. State*, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008); *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

[11] *Lancon v. State*, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).

[12] *Grotti v. State*, 273 S.W.3d 273, 280-81 (Tex. Crim. App. 2008); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

[13] *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (quoting *Malik*, 953 S.W.2d at 240).

[14] TEX. PENAL CODE ANN. § 21.11(a)(2)(A); *Breckenridge v. State*, 40 S.W.3d 118, 128 (Tex. App.–San Antonio 2000, pet. ref'd).  Section 21.11 of the penal code was subsequently amended, but because the amendments do not affect the disposition of this appeal, we cite the current version of the statute.

### III.  The Evidence

At trial, the State presented the testimony of:  (1) the McAllen police officers involved in investigating the incident; (2) J.C.'s cousin and mother; (3) a sexual assault nurse examiner who conducted an examination of J.C.; (4) Melissa; and (5) J.C.  The defense presented only brief testimony from Melissa.

J.C. testified that she and appellant were kissing in the bedroom of the apartment when appellant asked her to take off her pants.  J.C. removed her pants and pulled her underwear down around her ankles.  Appellant pulled his pants down around his ankles, but did not remove his underwear.  J.C. stated that she was lying on her back and appellant pulled his penis out of his underwear and put it inside her vagina.  J.C. testified that she felt appellant's penis inside her and that he was "moving back and forth."  J.C. testified that she did not see appellant's penis.  On re-direct examination, J.C. testified that while she and appellant were in the bedroom, Melissa and another sister of appellant were in the kitchen of the apartment.[15]

### IV.  Discussion

As noted, appellant argues that "if the only evidence of exposure is that he put his penis in her vagina, then he cannot be guilty of exposure when the [j]ury unanimously decided that he did not do so."  Appellant cites no authority in support of his argument, and we have found none.

Indecency with a child by exposure is a lesser-included offense of aggravated sexual assault when the indecency charge is based on the defendant's exposure of his

---

[15] Melissa testified that she would have been home on the day the alleged sexual encounter occurred, that she had never seen J.C. in the apartment, and that she would remember if appellant had brought anyone to the apartment.  In any event, the jury was best situated to resolve contradicting evidence and testimony. *See Beckham*, 29 S.W.3d at 151.

penis in the course of penetrating the victim's sexual organ.[16]  Appellant argues that "the only conduct leading up to the alleged penetration, is that which shows [he] had his underwear on and that the complaining witness never saw his genitals."  However, "[c]onviction for exposure does not require the victim or witness to actually see the genitals."[17]  The State is only required to prove that the defendant's genitals were exposed to the victim, not that they were actually seen by the victim.[18]

Here, J.C. testified that appellant "pulled [his penis] out" and "it went in me."  A jury could have reasonably inferred from this testimony that appellant exposed his genitals, knowing J.C. was present, with the intent to gratify his sexual desire.  Moreover, a child victim's testimony alone is sufficient to support a conviction for indecency with a child by exposure.[19]  After reviewing the evidence in the light most favorable to the verdict, we conclude that any rational trier of fact could have found the essential elements of indecency with a child by exposure beyond a reasonable doubt.[20]  Therefore, the evidence is legally sufficient to support appellant's conviction.

Moreover, after reviewing the evidence neutrally, we do not find that the proof of guilt is greatly outweighed by evidence to the contrary, nor is it so weak as to undermine

---

[16] *Hutchins v. State*, 992 S.W.2d 629, 632 (Tex. App.–Austin 1999, pet. ref'd).

[17] *Breckenridge*, 40 S.W.3d at 124 ("the crime is exposing, unmasking, or uncovering the genitals. The charges in this case concern not what the victims saw, but what the defendant exposed.") (internal citations omitted); *see Uribe v. State*, 7 S.W.3d 294, 297 (Tex. App.–Austin 1999, pet. ref'd )(holding that the indecency-by-exposure statute does not require proof that the victim actually saw the accused's genitals).

[18] *See Wilson v. State*, 9 S.W.3d 852, 856 (Tex. App.–Austin 2000, no pet.).

[19] *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a) (Vernon 2005).

[20] *See Jackson*, 443 U.S. at 318-19.

6

confidence in the jury's determination.[21]  Accordingly, we conclude that the evidence is factually sufficient to support appellant's conviction.

## V.  Conclusion

We overrule appellant's issues and affirm the trial court's judgment.


LINDA REYNA YAÑEZ,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
30th day of August, 2010.

---

[21] *See Watson*, 204 S.W.3d at 415.